## Case No. 17,746.

### WILLIAMS v. WELLS et al.

[1 Hayw. & H. 116.] [1]

Circuit Court, District of Columbia. Dec. 3, 1842.

#### PROBATE OF WILLS—WITNESSES TO WILL.

Where a testator, by his will, appointed guardians to his infant children, and these so appointed were witnesses to the will, and the will was admitted to probate, it was *held*, on appeal, that the will was not proved according to law so as to create the parties appointed guardians.

Appeal from orphans' court.

Joseph H. Bradley, for petitioner.
Richard S. Coxe, for respondents.

By NATHANIEL P. CAUSIN, J. The petition stated that the last will and testament of John Williams has been admitted to probate; that Wells and Davis were designated as the guardians of the children of the testator. That said paper is wholly insufficient in law to create the said guardianship and that there are no testamentary guardians of said children, and prays the court to appoint some person or persons as guardians to take charge of the children and their estate, inasmuch as the said children are both under the age of fourteen years and incapable of making a selection for themselves. The answer of John Wells stated: That said testamentary paper is a valid instrument for the appointment of guardians. That it was executed in the presence of two or more credible witnesses. That he has assumed to act, and does act, as such guardian of said children.

The court, after hearing the arguments upon both sides, gave the following opinion:

James Williams, of Washington county, in the District of Columbia, having been advised that in and by a paper purporting to be the last will and testament of his brother, John Williams, late of said county, deceased, which has been admitted to probate, John Wells, Jr., and Charles A. Davis have been designated as the guardians of the children of the said John Williams, and that they now seek to be recognized by this court as such guardians. And having been further advised that the said paper is wholly insufficient in law to create the said guardianship, and that there are no testamentary guardians of the said children, prays that some person or persons may be appointed by this court as guardians, who will be fit and proper to take charge of the said children and of their estate, inasmuch as the said children are both under the age of fourteen, &c., &c. The petition has been duly considered, and in the opinion of this court the prayer of the said James Williams should not be granted for the reasons hereinafter given.

By the statute of 29 Car. II. c. 3, all devises

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

of lands and tenements shall be in writing, and signed by the testator, or some other person in his presence and by his express direction, and be subscribed in his presence by three or four credible witnesses. The statute regulations as to wills are substantially the same in the different states, and they have been taken from the English statute of 32 Hen. VIII. and the statute of 29 Car. ɪɪ. above referred to. Three witnesses, as in the statute of frauds, are required in Maryland.

The paper purporting to be the last will and testament of the said John Williams, and which has been admitted to probate, is attested by three witnesses, two of ʷᴴᴼᴹ are the individuals designated therein as the persons whom the said John Williams desired, after his decease, to take charge of his children and their estate (guardians by statute, or testamentary guardians, being appointed by virtue of the statute 12 Car. II. c. 24, which has been adopted in this country; see 2 Kent, Comm. 224), for which reason, it is contended, that the said paper, purporting to be the will of the said John Williams, is insufficient in law to create the said guardianship, &c. That the individuals named as such must renounce the guardianship in order that the will may stand; that the requisition of the statute (viz., that it should be subscribed in the presence of three credible witnesses) may be complied with, the attesting witnesses should be credible witnesses, entirely ᴅɪsinterested persons, and such as can receive no benefit or advantage by the will. Witnesses to a will are rendered incapable of taking any beneficial interest under it (4 Kent, Comm. 509) except it be creditors whose debts by the will are made a charge on the real estate. This was by the statute of 25 Geo. II., and it has been generally adopted in the United States as a salutary provision.

It seems to have been held in general that an incompetent witness was not a credible witness, and that a devisee or legatee under a will was incompetent, although a mere executor or trustee who took no beneficial interest under a will was held to be competent. 3 Starkie, 1689. In Bac. Abr. "Evidence." B, it is said by Chief-Justice Hale, that he knew it to have been adjudged that an executor in a cause concerning the testator's estate, if he hath not the surplusage given to him by the will, may be a witness for the will. 1 Mod. 107. An executor not taking any beneficial interest under the will is a good witness to attest it. Loveless. Wills. See Bettison v. Bromley, 12 East, 250; Phipps v. Pitcher, 6 Taunt. 220; Lowe v. Jolliffe, 1 W. Black. 365. Lord Chief-Justice Mansfield: "In a modern case of Holt v. Tyrrel. it was held in a trial at bar that a trustee might be a witness without releasing, and where is the difference between an executor in trust and another trustee? His being liable to actions makes no difference, for so are all agents, and yet they are allowed to be witnesses." In Massachusetts an executor who has accepted the trust cannot be used as a witness to support a will, although he be a mere trustee having no devise nor legacy given him therein. Durant v. Starr, 11 Mass. 527; Sears v. Dillingham, 12 Mass. 358. In New Jersey and Connecticut the English rule is adopted, that an executor is a competent witness to a will unless he take an interest under it. Den ex dem. Snedekers v. Allen. 1 Penning. [2 N. J. Law] 35. Justice Pennington: The modern and most approved cases in the English books on this subject, and one so far back as the time of Lord Chief-Justice Hale, prove, "that an executor may be a witness ᴛo establish a will unless he takes an interest under it; nor does the practice in this state of allowing a reasonable compensation for services performed by an executor, in my view of ᴛʜe subject, alter the case. Is an agent or ·factor disqualified as a witness to prove the authority under which he acts, because he is to have a reasonable compensation for his services? I think not." See Hawley v. Brown, 1 Root, 494. The statute of 25 Geo. II. having been generally adopted in the United States, as before stated, by which creditors whose debts by the will are made a charge on the real estate are deemed to be competent witnesses, and such decisions having been obtained with regard to executors, surely guardians (a trust of obligation and duty. and not of speculation and profit) cannot be regarded as disqualified on account of interest. Therefore, in the absence of any statute or rule of eviᴅence, so far as my research and knowledge extend, forbidding it, I feel bound to carry out the wishes of the testator, and to regard and declare the said John Wells, Jr.. and Charles A. Davis, testamentary guardians of the children of the said John Williams, deceased.

From this decision, the petitioner, by his counsel, prayed an appeal, which was granted. This appeal coming on to be heard on the above record and the argument of counsel, it is ordered, that the judgment of the orphans' court be, and the same is hereby, reversed; and it is adjudged that the said will has not been proved according to law so as to appoint guardians, and the cause is remanded to the orphans' court.

WILLIAMS (WISDOM v.). See Case No. 17,-904.

WILLIAMS (WOOD v.). See Case No. 17,-968.

WILLIAMS, The KATE. See Case No. 7,-623.

END OF CASES IN BOOK 29.